Barnard, J.
In this action and on this motion, the defendant, John A. Duff, claims to be the owner of the Olympic Theatre; but the plaintiff alleges he is only a mortgagee in possession. So far as an interlocutory decree has effect, the defendant has been so adjudged, pending his appeal. He has been by two justices of this court, and for the purposes of this decree, made receiver of the property. He, therefore, occupies a position different from a mere court receiver, who does not claim, and who has not been adjudged to have, any kind of interest in the property committed to his charge, and who is a mere stakeholder. He' has moved ’ the court for permission- to continue the lease of the Olympic Theatre to the present' lessee, James E. Hayes, who (it is not denied) has managed it for a season with extraordinary success, and benefit to the good-will of the property.
It is claimed, and not denied, that Mr. Hayes has, at *331 Ms own. expense, and not as a charge upon the property, expended, for permanent improvements, some §12,000, and on scenery and decorations, about §9,000.
Eminent managers of theatrical property in this city, including Messrs. Lester Wallack, Moss, George Wood and Lafayette Harrison, have sworn that from §12,000 to §15,000 would be a fair rental of the property. Mr. Bar-mum and others, for the plaintiff, estimate the rental at not less than §20,000. Some unverified offers, at a higher rent, were made on the part of the plaintiff. One witness swore, for the defendant, that §15,000 would be a fair rental, and afterwards came forward for the plaintiff, and offered §21,000, if he himself could have the lease. Of course, under such a state of affidavit-making, I must not consider his statements as evidence for either party. Either his affidavit or offer was insincere.
Since this motion was argued and submitted, a variety of offers, coupled with conditions of which I have no judicial knowledge, have been sent to me by the plaintiff, but as they are irregular, I only consider the question as it reached me on the argument. Considering, therefore, the expenditure by Mr. Hayes, and the peculiar position occupied by Mr. Duff, and the necessity of caring for the good-will of the property in competent hands, whether the property belongs to Mr. Duff, or whether he be only a trustee, and entirely rejecting the idea that the court should permit mere speculation in such peculiar property as theatrical property, pending claims of ownership, and a probable long litigation before those claims are definitely settled, and accepting an average between the evidence, as to value, the lowest being $12,000, and the highest $20,000, let the request of the receiver lie granted, for a new lease for a term of three years, at $15,000 per annum, to James E. Hayes, and to be executed in conformity with the terms contained in the annexed order.